UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARD and JANET CAPSTICK,

    Petitioners,

  v.

UNITED STATES OF AMERICA,

    Respondent.

No. C06-1285P

ORDER ON PETITION TO QUASH SECURITIES AND EXCHANGE COMMISSION SUBPOENA

This matter comes before the Court on a petition by Ward and Janet Capstick to quash a subpoena issued by the Securities and Exchange Commission (SEC). The SEC subpoena was issued upon Bank of America for Petitioners' bank records. The SEC seeks this information in connection with an investigation of Merendon Mining (Colorado), Inc. ("Merendon"). Having reviewed the papers and pleadings filed by the parties, the Court finds and ORDERS as follows:

(1) This petition to quash is brought pursuant to provisions of the Right to Financial Privacy Act (RFPA) that authorize customers of financial institutions to challenge subpoenas for their financial records. See 12 U.S.C. § 3410. Under the RFPA, a petition to quash a subpoena must be brought within 14 days of the mailing of the subpoena. Here, the SEC's notice to Mr. Capstick regarding the subpoena is dated August 17, 2006 and indicates that it was sent via U.S. Mail. (Dkt. No. 2, Ex. A). The Capsticks filed this petition on September 8, 2006. As a result, it is questionable

ORDER - 1

1  that the petition to quash was filed in a timely manner. However, the SEC has not argued that the

2  petition to quash is untimely, nor has the SEC offered any proof regarding the mailing date of the

3  customer notice. Therefore, the Court will consider the merits of the petition.

4      (2)    Under the RFPA, a petition to quash a subpoena must be denied if the Court finds: (1)

5  there is a demonstrable reason to believe that the law enforcement inquiry is legitimate; and (2) there is

6  a reasonable belief that the records sought are relevant to that inquiry.[1]  12 U.S.C. § 3410(c).

7      (3)    On August 4, 2006, the SEC issued an order directing a private investigation of

8  Meredon. Among other things, the order indicates that Merendon and "its officers, directors,

9  employees, partners, subsidiaries, and/or affiliates" may have engaged in acts that violated Section

10  5(a), 5(c), and 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of

11  1934. The order directed SEC staff to conduct an investigation "to determine whether any persons

12  have engaged, are engaging, or are about to engage in any of" these acts or "any act, practice, or

13  course of conduct of similar purport or object." There is no dispute that the SEC is empowered by

14  statute to investigate possible violations of federal securities laws and that the agency is authorized to

15  issue subpoenas in furtherance of such investigations.

16      Petitioner Ward Capstick is an officer and director of Meredon, while Petitioner Janet Capstick

17  is Mr. Capstick's spouse.[2]  In its verified response to the petition, the SEC has described in reasonable

18  detail why the agency has a basis to believe that Mr. Capstick may have violated securities laws in

---

[1] Citing Jerry T. O'Brien, Inc. v. Securities & Exchange Commission, 704 F.2d 1065, 1067 (9th Cir. 1983), Petitioners also argue that "a court will not enforce an SEC subpoena . . . unless the agency, at an evidentiary hearing, demonstrates that it has complied with the requirements of United States v. Powell, 379 U.S. 48 (1964)." However, Petitioners fail to mention that the Ninth Circuit's decision in Jerry O'Brien was reversed by the United States Supreme Court. See SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735 (1984).

[2] In a declaration in support of the motion to quash, Mr. Capstick states that he is "married to Karen Capstick" but also refers to Janet Capstick as his wife. See Dkt. No. 2, ¶¶ 2-3. The Court presumes that the reference to "Karen Capstick" is an error.

ORDER - 2

1 connection with Meredon. Aside from conclusory assertions, Petitioners also offer no basis for the
2 Court to find that the SEC's inquiry is being conducted for an improper purpose or for the purpose of
3 harassment. As a result, the Court finds that there is a demonstrable reason to believe that the SEC's
4 inquiry is legitimate.

5   (4) The SEC subpoena seeks records related to the Capsticks' account at Bank of
6 America. It appears that this is a joint account maintained by both Ward and Janet Capstick. In its
7 verified response to the petition, the SEC explains with reasonable particularity how the records
8 sought by the subpoena may assist in the private investigation authorized by the August 4th order.
9 Therefore, the Court finds that there is a reasonable belief that the records sought by the SEC
10 subpoena are relevant to the SEC's investigation.

11   (5) Accordingly, Petitioner's petition to quash the SEC subpoena to Bank of America is
12 DENIED. The clerk is directed to send copies of this order to all counsel of record.

13   Dated: October 16, 2006

15   s/Marsha J. Pechman
  Marsha J. Pechman
16   United States District Judge

ORDER - 3